UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE LAUREL MANAGEMENT
GROUP, LLC, and DENISE
MUELLER,

           Plaintiffs,
  v.                        HONORABLE DAVID S. CERCONE
                                    Case No.: 2:18-cv-1000-DSC

WHITE SHEEP CORPORATION,
and HAMISH SUTHERLAND,

           Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT WHITE SHEEP'S FIRST MOTION FOR SANCTIONS**

**I.   INTRODUCTION**

      In violation of this Court's April 16, 2019 Order, Plaintiffs, the Laurel Management Group, LLC ("Laurel Management") and Denise Mueller, are outright refusing to produce any applications they submitted to the Commonwealth of Pennsylvania to produce medical marijuana—the key evidence of their claims.  Because Plaintiffs are refusing to produce the necessary evidence in support of their claims and are inhibiting the ability of defendant White Sheep to prepare its defense, this Court should sanction Plaintiffs by (1) precluding them from introducing evidence that they assisted defendant White Sheep to prepare an application to the Commonwealth of Pennsylvania; or, in the alternative, dismissing their claim in its entirety; (2) holding Plaintiffs and their counsel in contempt for failing to abide by a court order; (3) awarding attorney fees that defendant White Sheep expended to pursue the applications; and (4) any additional sanction that this Court deems appropriate.

## II.  FACTS

### A. Plaintiffs' Complaint is Based on Plaintiffs' Alleged Assistance to Defendant White Sheep to Prepare an Application.

Plaintiffs are refusing to produce previous applications that are highly relevant to this action.  Plaintiffs allege Defendants benefited from plaintiffs' purported knowledge and expertise in applying for a license to produce medical marijuana.  In the Complaint, Plaintiff Laurel Management claims that it has "laid groundwork pertaining to the application process through experience, local knowledge, and networking in the Commonwealth of Pennsylvania stemming from *previous experience in the application process* for a commercial license to produce medical marijuana."  ECF Doc. No. 1, Compl. ¶ 14 (emphasis added).  Plaintiff touts that it "was a proponent of the first-round commercial application for a license to produce medical cannabis in the Commonwealth of Pennsylvania and developed a community impact plan that scored highest among all other applicants stemming from the construction of the application and history in Pennsylvania to build a significant network of stakeholders of the Commonwealth of Pennsylvania's medical cannabis program."  ECF Doc. No. 1, Compl. ¶ 15.  It further claims that it provided Defendants with "information" and "construct[ed] responses to [the] application."  ECF Doc. No. 1, Compl. ¶¶ 17, 26.  Plaintiffs claim Defendants used their services to construct an application and that it would be inequitable for Defendant White Sheep to retain these benefits.  ECF Doc. No. 1, Compl. ¶ 26.  Accordingly, any previous applications or drafts that Plaintiffs have in their possession are highly relevant for Defendants to defend this matter.  To date, Defendants have requested multiple times that Plaintiffs produce any applications they drafted for a marijuana license and Plaintiffs have outright refused to do so in direct violation of the Court's April 16, 2019 Order.

**B.      Defendant White Sheep's Attempts to Obtain Applications**

At first, Plaintiffs agreed to produce the applications, but then failed to do so. So, on March 27, 2019, Defendant White Sheep moved this Court to compel deficient discovery responses, which included Plaintiffs' failure to produce any applications. ECF Doc. No. 33, Motion to Compel. In the Motion to Compel, defendant White Sheep noted that Document Request No. 33 required Plaintiffs to produce any applications. It requested the production of:

> All documents evidencing, referencing or relating to all or any part of any application for a cannabis business in Pennsylvania or elsewhere, whether before, during or after Plaintiffs' claimed relationship with White Sheep.

ECF Doc. No. 33, Motion to Compel p. 2, Ex. B, Plaintiffs' Responses at Plaintiffs' Responses to Requests for Production at No. 32. In response to that request, Plaintiffs responded, without objection, "[p]lease see attached documents on CD." Yet, the CD had no applications. White Sheep sent Plaintiffs a deficiency letter then moved to compel the production of applications. ECF Doc. No. 33, Motion to Compel at Ex. D.

The Court entered an order on April 16, 2019 ("April Order") compelling Plaintiffs to produce the application, within seven days. Since that date, Plaintiffs have produced no applications. Therefore, Plaintiffs have violated the April Order requiring them to turn over all applications that they submitted for a cannabis business, and also to produce any drafts. ECF Doc. No. 34, 4/16/19 Order.

At the mediation on April 22, 2019, defense counsel asked Plaintiffs' counsel for the applications. Plaintiffs' counsel stated that he would get the application to defendant White Sheep by April 23rd. To date, Plaintiffs have not produced any applications or drafts and

Plaintiffs' counsel has subsequently filed a Motion to Withdraw citing unspecified "irreconcilable differences" with the Plaintiffs

### III.  ARGUMENT

#### A. Legal Standard

Federal Rule of Civil Procedure 37 empowers the Court to sanction Plaintiffs for failing to obey an order to provide discovery, including any of the following:

> (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv)  staying further proceedings until the order is obeyed;
>
> (v)   dismissing the action or proceeding in whole or in part;
>
> (vi)  rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  Rule 37 further provides:

> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).  The decision to sanction a party and the type of sanctions to impose are within the discretion of the district court.  *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

4

### B. This Court Should Preclude Plaintiffs from Entering any Evidence or Testimony that they Assisted White Sheep with an Application.

Plaintiffs have refused to produce any applications or drafts in violation of a Court Order and should be precluded from introducing evidence of any assistance it allegedly provided White Sheep on its application. Rule 37 permits courts to preclude parties from supporting claims or introducing matters in to evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii); *see Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (upholding preclusion of evidence on plaintiff's damages when plaintiff refused to produce evidence during discovery); *Higginbotham v. Volkswagenwerk Aktiengesellschaft*, 551 F. Supp. 977, 982 (M.D. Pa. 1982), *aff'd*, 720 F.2d 662 (3d Cir. 1983), and *aff'd sub nom. Volkswagen Werk Aktiengesellschaft v. Hummel*, 720 F.2d 669 (3d Cir. 1983) (agreeing with expert testimony after plaintiff refused to participate in expert discovery.); *see also Azkour v. Aria*, 330 F. App'x 373, 376 (3d Cir. 2009) (stating in a matter where dismissal was the appropriate Rule 37 sanction, "Appellees were prejudiced by Azkour's delay and his failure to comply with the Court's discovery and scheduling orders. Azkour's refusal to respond to any of Appellees' discovery requests precluded them from investigating and meaningfully responding to the allegations contained in the complaint").

Plaintiffs' claims are based on alleged assistance it provided defendant White Sheep in applying for a marijuana license using previous knowledge they acquired. Yet they refuse to produce any current or former applications or drafts. When defendant White Sheep moved to compel the production of applications and drafts, which Plaintiffs identified in the Complaint, Plaintiffs revised their response to the discovery request to claim that plaintiff Laurel Management does not have possession, custody, or control over the application. This gamesmanship cannot stand. If Plaintiffs will not produce key evidence to support their claim

5

then they should be precluded from presenting evidence that they helped White Sheep to prepare an application.

### C. Because Plaintiffs Have Failed to Provide the Key Evidence in Support of their Claims, this Court should Dismiss their Claims.

Plaintiffs' refusal to produce the key evidence to support their claim is a refusal to prosecute their case, which warrants dismissal. The U.S. Supreme Court recognizes the "'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765, (1980) (internal citations and quotations omitted). Courts have discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45(1991). This broad authority empowers a court to issue a variety of sanctions, including dismissal of the lawsuit. *Id.* at 45.

To determine whether dismissal of an action is an appropriate sanction, courts in the Third Circuit apply the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, namely:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984) (emphasis removed). A court need not find that every *Poulis* factor is satisfied to dismiss the plaintiff's claims. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (internal citations and quotations omitted) ("[N]ot all of the *Poulis* factors need be

satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant.").[1]

Under *Poulis*, prejudice to the party seeking the discovery weighs in favor of dismissal. *See Smith ex rel. El Ali v. Altegra Credit Co.*, No. Civ. A. 02-CV-8221, 2004 WL 2399773, at *5 (E.D. Pa. Sept. 22, 2004) (internal citations and quotations omitted). Prejudice exists where a failure to make discovery results in "the imposition of a burden that impedes [the other] party's ability to prepare effectively for trial . . . . Examples of prejudice include actions that hinder a party's ability to conduct discovery, develop the factual record, and reach a speedy and fair resolution to the litigation." *Id.*

Consistent with these principles, courts in the Third Circuit have dismissed lawsuits where plaintiffs failed to answer written discovery in violation of a court order compelling them to do so. *Prof'l Sec. Corp. v. Nat'l Royal Corp.*, No. CIV. A. 90-3951, 1991 WL 276072, at *3 (E.D. Pa. Dec. 20, 1991) (applying *Poulis* factors and dismissing counterclaim with prejudice where "defendants failed utterly to answer the interrogatories, and they failed to answer the interrogatories after given an order compelling them to do so."); *Bailey v. Corr. Med. Servs.*, No. CIV 07-4557JBSKMW, 2010 WL 376662, at *2 (D.N.J. Jan. 26, 2010) (dismissing lawsuit where plaintiff violated an order compelling discovery responses by failing to answer written discovery or appear at deposition, reasoning that "Defendants are severely prejudiced because they cannot proceed with their defense without deposing Plaintiff or receiving his answers to interrogatories"); *Pilot Air Freight Corp. v. Knight-Ridder, Inc.*, No. CIV.A. 93CV0057, 1993

---

[1]  Although it is an extreme remedy, courts in this Circuit have dismissed cases where plaintiffs have failed to comply with court orders compelling discovery.

WL 418362, at *3 (E.D. Pa. Oct. 15, 1993) (dismissing lawsuit where Plaintiff failed to respond to written discovery in violation of a court order and failed to appear at deposition).

Plaintiffs' refusal to produce the key evidence in this matter has hindered defendant White Sheep's ability to develop a factual record and proceed with its defense.  As a result of Plaintiffs' failure to produce any applications, defendant White Sheep has been unable to prepare its case and, consequently, any resolution of this litigation has been unjustly delayed.

Defendant White Sheep moved to compel the production of the applications after Plaintiffs failed to provide the applications, which this Court granted in its April Order.  Between the filing of the motion to compel and the April Order, Plaintiffs revised their discovery responses to refuse outright to produce the applications, then Plaintiffs did not respond to the motion to compel.  When the Court granted the order compelling production of the application, Plaintiffs and their counsel simply ignored the Order despite representing to defense counsel that applications were forthcoming.  Plaintiffs refusal to produce the key evidence in support of their claims amounts to a refusal to prosecute their case, and dismissal of the Complaint is warranted.[2]

### D. Because Plaintiffs and their Counsel Violated this Court's April Order Compelling Discovery, this Court should Hold them Both in Contempt.

The Court should also hold Plaintiffs and their counsel in civil contempt for violating its April Order.  *Gagan v. Monroe*, No. 2:87-CV-732, 2014 WL 5817560, at *8 (N.D. Ind. Nov. 10, 2014) (finding party in contempt for failing to comply with a court order directing it to respond to written discovery).  "Civil contempt is a means by which the Court may, if necessary, ensure that its discovery orders are obeyed.  It vindicates the District Court's authority over a

---

[2]   To the extent that this Court deems defendant White Sheep's request for preclusion to amount to a dismissal of Plaintiffs' claims ,the *Poulis* factors and this argument applies with equal force to the preclusion argument.

recalcitrant litigant." *Andrews v. Holloway*, 256 F.R.D. 136, 140 (D.N.J. 2009) (internal citations and quotations omitted). In the Third Circuit, the standard for contempt is as follows:

> A [movant] must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the [offending party] had knowledge of the order; and (3) that the [offending party] disobeyed the order.

*Addie v. Kjaer*, No. CIV. 2004-135, 2008 WL 4865968, at *4 (D.V.I. Nov. 7, 2008) (citing *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d Cir. 1995)).

Here, the April Order was a valid order. Having received, through their counsel, an ECF notification of the April Order's issuance, Plaintiffs were fully on notice of the April Order. Still, Plaintiffs disobeyed the April Order by failing to respond to produce applications and drafts by the date set forth in the April Order. Because Plaintiffs have violated the April Order, the Court should hold Plaintiffs and their counsel in civil contempt.

### E. This Court should Order Plaintiffs to Pay the Attorneys' Fees Defendant White Sheep has Incurred in its Efforts to Obtain Discovery Responses from Plaintiffs.

Federal Rule of Civil Procedure 37(b)(2)(C) expressly permits the Court to assess reasonable expenses, including attorneys' fees, against a party who violated a court order. Because Plaintiffs have violated this Court's April Order, the Court should assess attorneys' fees against Plaintiffs, including all fees defendant White Sheep has incurred in trying to obtain applications and drafts from Plaintiffs and the motion practice that was necessitated by Plaintiffs' dilatory conduct.

### F. This Court Should Impose Additional Sanctions On Plaintiffs As The Court Deems Just And Proper.

As the Supreme Court recognized in *Chambers*, courts have broad powers to fashion sanctions for abuse of judicial process under their inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45(1991). The Court should implement additional sanctions as it deems fit.

### IV. CONCLUSION

As sanctions for Plaintiffs' violation of this Court's Order dated April 16, 2019, and for their ongoing failure to produce the applications, this Court should enter an order: (1) precluding Plaintiffs from presenting evidence that they assisted or in any way helped defendant White Sheep with an application, or in the alternative, dismissing their Complaint; (2) holding Plaintiffs and their Counsel in contempt; (3) directing Plaintiffs to pay defendant White Sheep's fees associated with pursuing the applications, including motion practice; and (4) any additional sanction that the Court deems appropriate.

STRADLEY RONON STEVENS & YOUNG LLP

*/s/ Elizabeth A. Kuschel*
David C. Franceski, Jr., Esquire
Elizabeth A. Kuschel, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market Street Suite 2600
Philadelphia, PA 19103
Phone: (215) 564-8000
Email:   dfranceski@stradley.com
            ekuschel@stradley.com

## **CERTIFICATION OF GOOD FAITH**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), I, Elizabeth A. Kuschel, hereby certify that I have in good faith conferred with counsel for Plaintiffs regarding Plaintiffs' failure to produce applications, in an effort to obtain the discovery sought without court action.

Date: June 14, 2019                                               */s/ Elizabeth A. Kuschel*
                                                                                  Elizabeth A. Kuschel