IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE LAUREL MANAGEMENT GROUP, LLC, and DENISE MUELLER, <br><br>Plaintiffs, <br><br>v. <br><br>WHITE SHEEP CORPORATION, and HAMIS SUTHERLAND, <br><br>Defendants. | Case No. 2:18-cv-1000-DSC <br><br>JUDGE DAVID S. CERCONE |

## Plaintiffs' Brief In Opposition to Motion For Sanctions

Defendant White Sheep has filed a motion for sanctions, seeking extreme remedies, including dismissal with prejudice and attorneys' fees. Doc. no. 42 and 43. White Sheep's motion should be denied in whole for the following reasons:

White Sheep is seeking a copy of Plaintiffs' application for a marijuana license. Doc. no. 43 at 2. After White Sheep filed its motion, the Court extended the discovery deadlines until September 9, 2019. Doc. no. 44. On August 8, 2019, the Court conducted a status conference. Following the status conference, the Plaintiffs advised that they would the application under a confidentiality agreement (which would also be necessary for the Defendants' forthcoming discovery production).[1] Counsel for White Sheep advised that they would prepare the first draft of the confidentiality agreement, but never did so. On August 21, 2019, the Plaintiffs sent a proposed confidentiality agreement to counsel for White Sheep. On August 28, 2019, Plaintiffs sent a DVD to defense counsel, which included a password-protected copy of the applications. *See* **Exhibit 1 (letter to defense counsel) and 2 (email to defense counsel)**, attached. Plaintiffs'

---

[1] The day before the status conference, the Plaintiffs also offered to produce the application under a confidentiality agreement and discussed the logistics related to the preparation of the confidentiality agreement.

counsel advised that the password will be provided upon finalization of the confidentiality agreement. As of the filing of this brief, the Plaintiffs have not received any feedback on the proposed confidentiality agreement.

Additionally, on August 9, 2019, (at White Sheep's request) the Court ordered that counsel for both sides shall review all previously propounded discovery requests and verify that the responses thereto are accurate and have been supplemented as necessary. Do. no. 55. The Parties have agreed in writing to supplement all discovery responses by September 13, 2019. *See* **Exhibit 3**, attached.

Plaintiffs have made good faith efforts to prepare and finalize a confidentiality agreement to facilitate discovery for both sides. White Sheep has not suffered any prejudice. There are not any imminent depositions or trial dates. The parties have mutually agreed to supplement their discovery productions by September 13, 2019 (which is ten days away). In short, White Sheep is seeking extreme remedies that simply are not justified under these circumstances. For the foregoing reasons, the Plaintiffs respectfully request that the Court deny White Sheep's motion in its entirety.

Respectfully submitted,

ECHARD MARQUETTE, P.C.

/s/ Trent Echard
Trent Echard, Esq.
Pa. I.D. No. 206598
trent@trustemlaw.com

4773 William Flynn Highway
Allison Park, PA 15101
(412) 998-7000
(412) 274-0102 (fax)
*Counsel for Plaintiffs*